UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SEAN G. FELDER,

                Plaintiff,

-against-

MADISON SQUARE GARDEN, et al.,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Civ. 4038 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Sean Felder filed this action against Madison Square Garden and Radio City Music Hall claiming that Defendants terminated his employment as a security guard and retaliated against him, in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), and that Defendants engaged in "unfair labor practices." (Compl., ECF No. 1; Second Am. Compl., ECF No. 14.) Defendants moved to dismiss the Second Amended Complaint. (Defs.' Mot. to Dismiss ("Mot."), ECF Nos. 26-29.)

This matter was referred to Chief Magistrate Judge Debra Freeman. (ECF No. 19.) Before this Court is Magistrate Judge Freeman's Report and Recommendation ("Report," ECF No. 46), recommending that this Court grant Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) with limited leave to amend.[1] (*Id.* at 2.)

In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 30-31); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated herein.

Defendants filed a timely objection to the Report. (See Defs.' Obj. to Report ("Defs.' Obj."), ECF No. 48.) This Court overrules Defendants' objection and fully adopts Magistrate Judge Freeman's recommendation. Defendants' motion to dismiss is GRANTED with limited leave to amend.

## I. LEGAL STANDARD

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory, repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

On February 7, 2017, this Court received a letter from Plaintiff stating, *inter alia*, "let's take the case to trial since MSG doesn't want to settle." On March 7, 2017, this Court received another letter from Plaintiff stating, *inter alia*, "MSG attorney Joseph Nuccio has really disrespected me, [and] the court by not offering a settlement to resolve the case." In that letter, Plaintiff also requested that this Court "confirm Pro Bono counsel so settlement negotiations can

happen." Other than these two letters—which do not object to any specific portion of Magistrate Judge Freeman's Report—Plaintiff filed no objection or response to Defendants' objection to the Report.[2]

## II. PLAINTIFF FAILS TO STATE A CLAIM

The Report properly held that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) for Title VII and Fair Labor Standards Act claims. There was no clear error in Magistrate Judge Freeman's findings. Defendants object only to the portion of the Report recommending Plaintiff be granted an opportunity to set forth a "discriminatory denial-of-hours claim." (Defs.' Obj. at 2.) This court reviews that portion of the Report *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).

Viewing all Plaintiff's submissions liberally suggests that a discriminatory denial-of-hours claim might be viable. For example, Plaintiff alleges that his hours were reduced by a supervisor who "gave more work to Hispanic workers" and alleges "preferential treatment" for Hispanic employees. (*See* Report at 26 (citing NYC CHR Compl., ¶ 6; Second Amended Compl., § II(E); Pl. Opp. to Defs. Mot. to Dismiss, at 1).) Defendants urge this Court not to give Plaintiff "multiple bites at the apple" because Plaintiff has already been given several opportunities to amend his pleadings. (Def.'s Obj. at 2.) However, the pleadings of *pro se* parties are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (internal citation and quotation marks omitted). Accordingly, Plaintiff shall have one final opportunity to file a further

---

[2] Although this Court affords *pro se* litigants leniency, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal citation and quotation marks omitted).

3

amended pleading, solely for the purpose of attempting to assert a discriminatory denial-of-hours claim.

## IV. CONCLUSION

Having reviewed Magistrate Judge Freeman's Report and Recommendation, this Court overrules Defendants' objection and adopts the Report in full.

Defendants' motion to dismiss is GRANTED. However, to the extent Plaintiff seeks to assert a Title VII claim that he was denied hours of work because he is not Hispanic, Plaintiff is granted leave to amend the Complaint solely to set out a basis for this claim. If Plaintiff files a further amended pleading, he is instructed to follow the pleading instructions set forth by Magistrate Judge Freeman. (Report at 28.)

The Clerk of the Court is directed to close the motion at ECF No. 26.

Dated: New York, New York
March __, 2017

MAR 15 2017

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

4