USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 2 6 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SEAN G. FELDER,

      Plaintiff,

 -against-

MADISON SQUARE GARDEN and
RADIO CITY MUSIC HALL,

      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Civ. 4038 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

 Plaintiff Sean G. Felder, *pro se*, brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against his former employers, Madison Square Garden and Radio City Music Hall (collectively, "Defendants"), alleging discrimination in his employment as a security guard because he is African-American. (3d Am. Compl., ECF No. 52, ¶¶ 1–5, 7–13.) The relevant procedural and factual background is set forth in greater detail in this Court's March 13, 2017 Memorandum Decision and Order ("3/15/17 M&O," ECF No. 49), and in Magistrate Judge Debra Freeman's January 25, 2017 Report and Recommendation ("1/25/17 Report," ECF No. 46).

 Defendants previously moved to dismiss the claims asserted in Plaintiff's second amended complaint, which this Court granted on the basis of Magistrate Judge Freeman's 1/25/17 Report. (*See* 3/15/17 M&O at 4.) However, on Magistrate Judge Freeman's recommendation, this Court granted Plaintiff one final opportunity to replead solely to set forth the factual basis for what Judge Freeman construed as a discriminatory denial-of-hours claim. (*Id.* at 3–4.) In doing so, Plaintiff

was directed to follow the detailed pleading instructions Magistrate Judge Freeman provided in her 1/25/17 Report.[1] (*See id.* at 4.)

Plaintiff filed a third amended complaint in May 2017. Plaintiff's amended complaint, however, does not track the specific instructions laid out in Magistrate Judge Freeman's 1/25/17 Report. Instead, he asserts allegations, never before raised, that Defendants' Hispanic employees received "easier, more favorable" work assignments than Plaintiff.[2] (3d Am. Compl. ¶¶ 7–12.) For the second time in this now three-year-old litigation, Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment under Rule 56.[3] (Defs.' Mot., ECF No. 54.)

Before this Court is Magistrate Judge Freeman's January 29, 2018 Report and Recommendation ("Report," ECF No. 67), recommending that this Court grant Defendants' motion to dismiss because Plaintiff fails to allege, among other things, that he was denied hours

---

[1] In her report, Judge Freeman recommended that if leave to replead was granted, Plaintiff should be instructed to allege the following facts:

> [T]hat he is not Hispanic (assuming that this is true); that he suffered an adverse employment action—in particular, that he was denied hours of work; . . . that a motivating factor for Defendants' denying him hours of work was his non-Hispanic national origin[;] . . . the period of time in which he was denied work hours that were instead given to Hispanic workers; the fact that, in terms of his job position and qualifications, he was similarly situated to the workers who were awarded the hours that he was denied; and the damages he suffered as a result of any discriminatory denial of hours.

1/25/17 Report at 28.

[2] According to the complaint, the more favorable work assignments were indoors, required little or no physical labor, and were more conducive to employees being able to take regular breaks. (3d Am. Compl. ¶ 7.)

[3] In response, Plaintiff submitted the statements of two individuals whom he describes as "witnesses." (*See* Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 61.) He has also separately filed an application requesting that the court seek *pro bono* counsel to represent him. (*See* ECF No. 66.)

of work because work was given instead, preferentially, to Hispanic employees. (*Id.* at 16.) In addition, the Report recommends that to the extent Plaintiff seeks to assert a disparate treatment claim based on the types of work assignments he did receive, that claim should be dismissed as unexhausted and for failure to state a claim under Title VII. (*Id.* at 16–17.) Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 19.) Plaintiff filed a timely response to the Report, raising only perfunctory objections to the findings and conclusions set forth therein. (*See* Plaintiff's Letter to the Court dated February 4, 2018 ("Pl.'s Resp."), ECF No. 68, at 1–2.)

Having reviewed the Report *de novo* and for clear error, and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* On *de novo* review, it is sufficient that the court "arrive at its own, independent conclusions regarding those portions to which objections were made." *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 526 (S.D.N.Y. 2013) (citations omitted).

Portions of a magistrate judge's report to which no objections or merely "general objections" are made are reviewed for clear error. *See Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also id.* ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.") (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm

3

conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a 12(b)(6) motion, the court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The court, however, need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678, nor must it give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### C. Title VII

Title VII of the Civil Rights Act of 1964 provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A]n employer discriminates against a plaintiff by taking an adverse employment action against him." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). "An adverse employment action is a materially adverse *change* in the terms and conditions of employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008) (internal quotation marks and citation

4

omitted). To be actionable, the adverse change must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citation omitted). Examples of materially adverse changes include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.* Receiving an unfavorable work schedule or assignment is insufficient to state a claim under Title VII, *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005), provided that the changed schedule or assignments "do not 'radically change' the nature of [the] work." *Potash v. Fla. Union Free Sch. Dist.*, 972 F. Supp. 2d 557, 584 (S.D.N.Y. 2013) (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000)).

As relevant here, it is well established that an individual bringing a claim in federal court under Title VII "must first present the claims forming the basis of such a suit in a complaint to the [Equal Employment Opportunity Commission] or the equivalent state agency." *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (citations omitted). Claims not raised in an administrative complaint, and thus not exhausted, may still be asserted in a subsequent federal court complaint only "if they are reasonably related to the claim filed with the agency." *Id.* (internal quotation marks and citation omitted). A claim is reasonably related to the claim filed with the administrative agency "if the conduct complained of would fall within the scope of the [agency's] investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003) (citation omitted).

## II. PLAINTIFF'S THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII

The Report recommends that Plaintiff's denial-of-hours claim be dismissed for failure to state a claim and that his disparate treatment claim based on the discriminatory assignment of job

5

posts be dismissed as unexhausted and for failure to state a claim. (Report at 18.) Plaintiff filed a timely response to the Report. (*See generally* Pl.'s Resp.) In his response, Plaintiff references a prior request he made for the appointment of *pro bono* counsel and raises what appears to be an objection to the Report in the form of a rhetorical question: "how do I assert a different type of disparate treatment?"[4] (*Id.* at 1.) Plaintiff also attaches to his response a letter he addressed to Magistrate Judge Freeman dated October 1, 2016, as well as the statements of two individuals whom he describes as his "witnesses," which Plaintiff previously submitted to Magistrate Judge Freeman in connection with Defendants' second motion to dismiss. (*See* Pl.'s Opp'n at 4–6.) Finally, Plaintiff identifies several individuals whom he would like to subpoena to show that "CNeals created hostile work environment [sic] at RCMH." (Pl.'s Resp. at 2.) Although Plaintiff's "objections" do not address the substance of the Report or its legal reasoning, this Court reviews the Report's findings *de novo*. This Court reviews for clear error those portions of the Report to which Plaintiff makes only general and perfunctory objections. Finding no error, this Court adopts the Report in full.

The Report properly found that Plaintiff's third amended complaint does not state a viable denial-of-hours claim under Title VII. (Report at 15.) Plaintiff does not specifically allege that Defendants denied him *hours of work* that were given instead to similarly situated Hispanic employees, much less that Defendants did so *because of* Plaintiff's non-Hispanic national origin. Plaintiff has also not alleged that he lost any pay as a result of Defendants' actions. Accordingly, the Report correctly concluded that Plaintiff's denial-of-hours claim should be dismissed under Rule 12(b)(6) as insufficiently pled. (*Id.* at 16.)

---

[4] Plaintiff's response indicates that he is objecting "to what *Defendant* says, [sic] on page 16." (Pl.'s Resp. at 1 (emphasis added).) This Court, however, construes Plaintiff's response as referencing page 16 of the Report, which addresses Plaintiff's disparate treatment claim.

6

The Report also correctly concluded that to the extent Plaintiff's amended complaint could be construed as asserting a disparate treatment claim based on his receipt of less favorable job assignments than his Hispanic coworkers, his claim should be dismissed as unexhausted, and in event, for failure to state a claim. (*Id.* at 16–17.) As the Report notes, Plaintiff's pre-suit administrative complaint alleged that from February 2014 through May 2014, he was given little to no work for many weeks while work was given instead to Hispanic workers with less seniority than Plaintiff. (*Id.* at 2–3.) The Report thus properly found that Plaintiff's new claim that he was given less favorable job assignments from August 2013 to May 2014 could not reasonably have been expected to grow out of the investigation prompted by his administrative complaint. (*Id.* at 16 (citing *Littlejohn*, 795 F.3d at 322).) Because Plaintiff's new allegations were not asserted in his pre-suit administrative complaint and are not reasonably related to the allegations he did make, the Report correctly concluded that Plaintiff's disparate treatment claim should be dismissed as unexhausted.

Even if Plaintiff's disparate treatment claim were properly before this Court, Plaintiff's allegations that he received less favorable work assignments fail to state a claim for relief under Title VII. As the Report noted, occasional unfavorable work assignments, as alleged here, that do not radically change the nature of the work, are otherwise consistent with the duties of Plaintiff's position, and carry with them no diminution in compensation, benefits, seniority status, or responsibilities, are insufficient to constitute an adverse employment action. (Report at 17.) Similarly deficient is Plaintiff's allegation that he was reprimanded for not wearing his uniform while Hispanic employees who were also out of uniform were not. (3d Am. Compl. ¶ 9.) As the Report correctly found, merely "receiving unfair criticism" is not, by itself, actionable under Title VII as an adverse employment action. (Report at 18 (quoting *Katz v. Beth Israel Med. Ctr.*, No. 95 Civ. 7183 AGS, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001).) Accordingly, even if Plaintiff

administratively exhausted his allegations as to unfavorable work assignments, he still fails to state a claim for relief under Title VII.

Because Plaintiff's third amended complaint fails to state a claim upon which relief can be granted, this Court DENIES Plaintiff's request that this Court seek *pro bono* counsel to represent him. (ECF No. 66.)

### III. CONCLUSION

Plaintiff's objections are OVERRULED and Magistrate Judge Freeman's Report is ADOPTED. Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 54), is therefore GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 54 and 66, and this case, accordingly.

Dated: New York, New York
       February 26, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge